UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

5148 BEACH ROAD OF SARASOTA, LLC, and
CJB PROPERTY DEVELOPMENT, LLC,

   Plaintiffs,

v.             Case No. 8:11-cv-2375-T-24-EAJ

SARASOTA COUNTY, FLORIDA,

   Defendant.
_____/

## ORDER

   This cause comes before the Court on Plaintiffs' Motion to Remand (Doc. No. 5), to
which Defendant has filed a response in opposition (Doc. No. 6).  For the following reasons,
Plaintiffs' motion is GRANTED.  However, because Defendant's basis for removal was
improper, but not objectively unreasonable, Plaintiffs' request for attorneys' fees and costs is
DENIED.

## I. Background

   Plaintiffs filed suit in the Twelfth Judicial Circuit in and for Sarasota County, Florida on
October 7, 2011.  (Doc. No. 2).  In two counts of their five-count complaint, Plaintiffs sought
damages pursuant to 42 U.S.C. § 1983, alleging Defendant violated Plaintiffs' constitutional
rights by administering a municipal special assessment related to parking in an arbitrary and
unconstitutional manner.  Specifically, Plaintiffs contend that, in violation of its own rules and
procedures, Defendant improperly imposed an increase in the special assessment on Plaintiffs,
while decreasing the special assessment for all other property owners in the parking district.
Plaintiffs also allege that Defendant, without any basis, and on multiple occasions, reinterpreted

the parking district ordinance to restrict Plaintiffs' business.

Defendant removed this case on October 20, 2011, asserting federal question jurisdiction under 28 U.S.C. § 1331 by virtue of Plaintiffs' § 1983 claims. (Doc. No. 1). Plaintiffs move for remand, arguing that state court was the proper forum for this action and that this Court lacks subject matter jurisdiction. In response, Defendant contends that Plaintiffs' complaint commingles causes of action in multiple counts and, consequently, this case involves more than a tax assessment challenge; therefore, remand is inappropriate.

## II.    Remand

Whether this case should be remanded to state court depends upon the applicability of the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, which states, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The TIA deprives district courts of jurisdiction over claims for injunctive or declaratory relief, as well as for refunds and damages. *Kania v. Nelson*, 315 F. App'x 151, 151–52 (11th Cir. 2008) (per curiam).

Defendant does not contest that the special assessment at issue is a tax, in fact, it cites support for the proposition that a special assessment constitutes a "tax" within the meaning of the TIA. (Doc. No. 4 at 9 (citing *Ind. Waste Sys., Inc. v. Cnty. of Porter*, 787 F. Supp. 859, 865 (N.D. Ind. 1992))). Plaintiffs' claims relate to Defendant's "assessment, levy or collection" of the special assessment. (*See generally* Doc. No. 2). Furthermore, Defendant does not argue that there is no "plain, speedy and efficient remedy" to be had in the courts of Florida; indeed, Plaintiffs chose the Florida forum and its attendant remedies when they elected to sue in state court.

Because the TIA deprives the Court of subject matter jurisdiction over Plaintiffs' § 1983 claims, the Court lacks subject-matter jurisdiction over this case. Accordingly, this case will be

remanded to its court of origin.

III.    **Attorneys' Fees**

Plaintiffs request attorneys' fees and costs associated with the preparation of their motion. The Supreme Court articulated the standard by which district courts are to consider the appropriateness of awarding attorneys' fees following improper removal in *Martin v. Franklin Capital Corporation*:  "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  546 U.S. 132, 141 (2005).

Although the Court lacks subject matter jurisdiction over this matter, Defendant's basis for removal was not objectively unreasonable, nor are there unusual circumstances present in this case that would otherwise justify an award of attorneys' fees.  Consequently, Plaintiffs' request for costs, expenses, and attorney's fees is DENIED.

IV.    **Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand (Doc. No. 5) is **GRANTED**.  However, Plaintiffs' request for attorneys' fees and costs is **DENIED**.  The Clerk is directed to remand and then close this case.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of January, 2012.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge